CLARK v. TARBELL & a.

A mortgage of chattels located in this state, though executed according to all the requisitions of the law of the domicil of the owner in another state, will be invalid as against attaching creditors, citizens of this state, unless it conform to our own laws.

ASSUMPSIT, upon a sheriff's receipt for property attached upon writs against one Putnam. Judgments having been obtained, executions were placed in the officer's hands, who made a legal demand upon the defendants for the property, which they refused to deliver.

The defendants were mortgagees of the property, all of which was in this state. The mortgages were made and executed in Massachusetts, and did not contain the affidavits required by the laws of this state, and they were not recorded prior to the attachments. The defendants claimed that the mortgages were executed according to the requirements of the laws of Massachusetts, and that, the parties residing in that state, the mortgages would be valid to hold the property situated in this state at the time of making the same, as against the attachments. The court ruled otherwise, and the defendants excepted. Verdict for the plaintiff.

*Burns*, for the plaintiff.

*Stevens & Parker*, for the defendants.

FOSTER, J. Every state has entire jurisdiction over all property, personal as well as real, within its own territorial limits, and the laws of the state regulate and control its sale and transfer, and all rights which may be affected thereby. Consequently, a mortgage of chattels situated in this state, though made and executed according to all the requisitions and formalities of the law of the owner's domicil, will be invalid as against attaching creditors, citizens of this state, unless it conform to the requirements of our own laws. Story Confl. of Laws, *ss.* 385-394. If a foreigner or citizen of another state send his property within a jurisdiction different from that where he resides, he impliedly submits it to the rules and regulations in force in the country where he places it. What the law protects, it has the right to regulate. And if two persons in another state choose to bargain concerning property which one of them has in a chattel not within the jurisdiction of the place, they cannot expect that the rights of persons in the country where the chattel is will be permitted to be affected by their contract. *Olivier* v. *Townes*, 7 Martin (La.) 93 ; *Lanfear* v. *Sumner*, 17 Mass. 110 ; 2 Kent Com. *458, and notes ; 2 Hilliard Mort. 259 ; Williams on Pers. Prop. 48 a. ; *Offutt* v. *Flagg*, 10 N. H. 46 ; *Smith* v. *Moore*, 11 N. H. 55 ; *Ferguson* v. *Clifford*, 37 N. H. 97.

*Judgment on the verdict.*

BINGHAM, J., did not sit.